UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DARRYL A. WILLIAMS


v.                                      Case No.: 8:14-cv-1592-T-24MAP
                                               8:12-cr-436-T-24MAP

UNITED STATES OF AMERICA


_____/


**ORDER**

  This cause comes before the Court on Petitioner Darryl A. Williams' amended motion to

vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255.  Civ. Dkts. 5, 6; Cr.

Dkt. 51.  The government filed a response in opposition to which Petitioner filed a reply.  Civ.

Dkts. 8, 9.  Upon review, the Court denies Petitioner's § 2255 motion.

**I.**  **Background**

  On April 18, 2013, Petitioner pled guilty to count two of the indictment, which charged

him with conspiracy to possess with the intent to distribute 280 grams or more of cocaine base,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Cr. Dkt. 1, 35.  He pled guilty

pursuant to a plea agreement in which he waived his right to appeal.  On July 16, 2013, this

Court sentenced Petitioner to 188 months imprisonment, followed by a 60 month term of

supervised release.  Cr. Dkt. 46.

  The presentence investigation report ("PSR") classified Petitioner as a career offender as

defined in U.S.S.G. § 4B1.1 because Petitioner had at least two prior felony convictions of either

a crime of violence or a controlled substance offense.  PSR ¶ 33.  The PSR included three prior

convictions that qualified Petitioner as a career offender:

> (1)  Petitioner was sentenced on May 22, 1997 in Florida state court for escape,
>
> (2)  Petitioner was sentenced on July 7, 1998 in Florida state court for possession
>       of cocaine with the intent to sell or deliver, and
>
> (3)  Petitioner was sentenced on May 8, 2003 in Florida state court for possession
>       of cocaine with the intent to deliver within 1,000 feet of a church.

Under the advisory guidelines, Petitioner's total offense level was a 34, criminal history category

VI, and a sentencing range of 262 to 327 months.  PSR ¶ 105.  Count two carried a ten year

mandatory minimum term of imprisonment and a maximum term of life.  PSR ¶ 104; 21 U.S.C.

§ 841(b)(1)(A).

At the July 16, 2013 sentencing hearing, Petitioner acknowledged that he and his attorney

had reviewed the PSR.  Cr. Dkt. 52 at 4.  The Court noted that Petitioner was a career offender

based on his three prior qualifying convictions and that he would be sentenced as such.  *Id.* at 5.

Petitioner's attorney did not object to the facts and guideline calculations set forth in the PSR.

*Id.* at 5, 52.  The Court granted the government's 5K1.1 motion for a downward departure and

sentenced Petitioner to 188 months imprisonment, which was a low-end guideline range

sentence after departing downward three levels.  *Id.* at 17; Cr. Dkt. 46.

Petitioner did not file a direct appeal.  He timely filed this § 2255 motion.[1]

---

[1]

Petitioner filed his § 2255 motion on June 27, 2014.  Civ. Dkt. 1.  The Court denied the motion without prejudice because the motion was not signed and permitted Petitioner to file an amended motion in accordance with Rule 2(b)(5) of the *Rules Governing Section 2255 Cases in the United States Courts*.  Civ. Dkt. 3.  Petitioner filed his amended motion and memorandum of law on August 15, 2014.  Civ. Dkts. 5, 6.

## II. Discussion.

Petitioner sets forth two grounds for relief in his § 2255 motion: Petitioner argues (1) that he should not have been sentenced as a career offender because his prior Florida state drug convictions under section 893.13, Florida Statutes, could not be used to enhance him as a career offender because they do not meet U.S.S.G. 4B1.2(b)'s definition of a controlled substance offense and (2) that his counsel was ineffective due to his failure to recognize this error at sentencing. As explained below, Petitioner's arguments are not cognizable in a § 2255 motion, are procedurally defaulted, and have no merit.

### A. Claims alleging misapplication of the Sentencing Guidelines are not cognizable for collateral relief under § 2255.

Section 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to a collateral attack. Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam).

Generally, a petitioner's challenge to his criminal conviction must first be advanced on direct appeal or else he is procedurally barred from presenting that claim later in a § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). This is so because a § 2255 collateral proceeding is not a substitute for an appeal.

The procedural default rule generally applies to all claims, including constitutional claims. *Id*. Nevertheless, a petitioner may overcome the procedural bar if he meets one of the two exceptions: (1) he must show cause for not raising the claim on direct appeal and that he suffered actual prejudice from the alleged error, *see id.* at 1234-35, or (2) he must show that the failure of the court to hear the merits of his claim would result in a fundamental miscarriage of justice, *see Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). The first exception requires that a petitioner show both components, cause and actual prejudice, to overcome the procedural bar to his § 2255 claim. *Id.* (citations omitted). The second exception, fundamental miscarriage of justice, rarely applies as it requires that a petitioner show that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent or that his prior convictions used to enhance him have been vacated. *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994) (per curiam). In this case, Petitioner does not argue that he is actually innocent of the possession with intent to distribute cocaine base or that the prior convictions used to enhance him have been vacated, so the second exception to procedural bar, fundamental miscarriage of justice, does not apply. Therefore Petitioner is left with showing cause for failure to raise the argument on direct appeal and that he suffered prejudice. He has shown neither.

*Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) is on point. Spencer pled guilty in federal court to distributing cocaine base. *Id.* at *1135. He had a number of prior convictions in both state and federal court. Based on Spencer's prior convictions (for selling cocaine and felony child abuse), the district court concluded that he was a career offender under the guidelines and sentenced him as such. Spencer challenged his classification as a career offender and the enhanced sentence, arguing that his sentence resulted in a misapplication of the advisory

guidelines and a complete miscarriage of justice.  The Eleventh Circuit found that it lacked the authority to provide relief to the defendant and held that the district court's misapplication of the career offender guidelines to the defendant's conviction for distribution of cocaine did not result in a "complete miscarriage of justice" since the guidelines are advisory.  Spencer did not claim he was actually innocent of the crime, nor did he allege that any of his prior convictions had been vacated.  *Id.* at *1140.  Even if Spencer were not a career offender, his sentence would have been lawful.  "Any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."  *Id.*

The *Spencer* court noted that both the Seventh and Eighth Circuits have held that federal courts lack the power to provide relief to a prisoner on the ground that he was misclassified as a career offender, because that error does not make his sentence unlawful.  *Id.* at *1140-41 (citing *Hawkins v. United States*, 706 F.3d 820, 825 (7th Cir. 2013); *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc)).   Moreover, Spencer's prior convictions had not been vacated.  *Id.* at *1143.  When a conviction is vacated, that constitutes a new fact with which a petitioner may challenge his sentence.  However Spencer presented no factual basis for reversing his sentence instead arguing that he was legally innocent.  The Eleventh Circuit stated that "even if [the court] were to agree with [the defendant] that he is 'innocent' as a career offender, that *legal* innocence falls far short of *factual* innocence."  *Id.* (emphasis in original).  *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) ("[A]ctual innocence means *factual* innocence, not mere legal insufficiency." (quotation marks omitted)).

*Spencer* is instructive as to this case.  Petitioner collaterally attacks his sentence by arguing that the sentence enhancement for his prior drug convictions was improper.  However, as in *Spencer*, Petitioner does not claim that he is *factually* innocent.  Nor does he assert that any of

his prior drug convictions used to enhance his sentence have been vacated.  Finally, "[a]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."  *Spencer*, 773 F.3d at 1140.

**B.  Petitioner's Claims have no Merit**.

Petitioner's claims also have no merit.  Petitioner argues that he should not have been sentenced as a career offender because his Florida drug convictions, violations of Florida Statute 893.13, do not qualify as serious drug offenses under federal law and cannot be used to enhance him as a career offender.  Petitioner argues that the Florida drug offenses do not have an element of *mens rea* while the federal drug offenses do.  The Eleventh Circuit recently addressed this exact argument in *United States v. Smith*, —F.3d —, 2014 WL 7250963 (11th Cir. Dec. 22, 2014):

> Section 893.13(1) of the Florida Statutes is both a 'serious drug offense' 18 U.S.C. §924(c)(2)(A), and a 'controlled substance offense' U.S.S.G. §4B1.2(b).  Neither definition requires that a predicate state offense includes as an element of *mens rea* with respect to the illicit nature of the controlled substance.  The district court correctly sentenced Smith as an 'armed career criminal.'

*Id.* at *5; U.S.S.G. §4B1.

Because Petitioner's previous drug convictions under Florida Statute 893.13(1) are serious drug offenses under 18 U.S.C. §924(c)(2)(A) and controlled substance offenses under U.S.S.G. §4B1.2(b), they were properly used to enhance him as a career offender.  Neither definition requires an element of *mens rea.*

Furthermore because Petitioner's legal argument is meritless, he cannot show he was prejudiced by counsel's failure to raise it.  To show that he received ineffective assistance of

counsel, Petitioner must demonstrate that he was prejudiced by counsel's ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). He has not shown prejudice.

## III. Conclusion.

Accordingly for the reasons stated above, Petitioner's Motion under 28 U.S.C. § 2255 is **DENIED**. The Clerk is directed close the civil case and enter judgment in favor of the United States.

## <u>CERTIFICATE OF APPEALABILITY AND<br>LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</u>

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of February, 2015.


SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner